IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALDWIN VOID

v.                              :    Civil Action No. DKC 11-0838

ONEWEST BANK

## MEMORANDUM OPINION

Presently pending and ready for resolution in this case is a motion to remand filed by Plaintiff Baldwin Void (ECF No. 14) and a motion to dismiss or, in the alternative, for more definite statement filed by Defendant OneWest Bank (ECF No. 12). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion to remand will be denied and Defendant's motion to dismiss will be granted.

## I. Background

Plaintiff commenced this action on February 11, 2011, by filing a *pro se* complaint against Defendant OneWest Bank, formerly known as IndyMac Bank, in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). While the complaint is somewhat vague, its thrust is that Defendant failed to make certain disclosures at the time Plaintiff signed a deed of trust related to his purchase of residential property in Upper

Marlboro, Maryland. Plaintiff asserts that his monthly mortgage payments were higher than he was led to believe and, consequently, that he fell behind and eventually defaulted on the loan. At some point, Defendant recorded a notice of default and a notice of intent to foreclose on the property, and Plaintiff is currently "threatened with immediate . . . non-judicial foreclosure." (*Id*. at ¶ 45).

The complaint purports to raise causes of action for fraud, undue influence, and breach of fiduciary duty. In addition to compensatory and punitive damages, Plaintiff seeks a preliminary injunction enjoining the threatened foreclosure, an order quieting title, and a declaratory judgment that the notices of default and of intent to foreclose are invalid and that the deed of trust and underlying promissory note are void. The only indication as to the amount in controversy is found in the caption of the complaint, which recites, "Amount Demanded $75,000.00." (*Id*. at 1).

Defendant timely removed to this court, citing diversity of citizenship as the jurisdictional basis (ECF No. 1), and, soon thereafter, filed the pending motion to dismiss or for more definite statement (ECF No. 12). The clerk sent a letter to Plaintiff, advising of his right to file a response to Defendant's motion within seventeen days and warning, "If you do not file a timely written response, the Court may dismiss the

case or enter judgment against you without further notice."
(ECF No. 13). Plaintiff failed to respond.[1] Instead, he filed,
on May 6, the pending motion to remand. (ECF No. 14).

## II. Motion to Remand

The removing party bears the burden of proving that removal
was proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519,
521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems.
Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand,
the court must "strictly construe the removal statute and
resolve all doubts in favor of remanding the case to state
court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 701-
02 (D.Md. 1997) (internal quotation marks omitted). This
standard reflects the reluctance of federal courts "to interfere
with matters properly before a state court." *Id* at 701.

Title 28 U.S.C. § 1441 allows defendants to remove an
action "brought in a State court of which the district courts of
the United States have original jurisdiction." Pursuant to 28
U.S.C. § 1332(a)(1), district courts have original jurisdiction
"of all civil actions where the matter in controversy exceeds

---

[1] On May 26, 2011, Defendant filed a supplemental memorandum
in support of its motion, arguing that it cannot be liable for
any "alleged bad acts" of its predecessor, IndyMac Bank. (ECF
No. 17, at 1). On June 9, Plaintiff filed a memorandum
responding to that particular argument (ECF No. 19), but he has
not addressed Defendant's primary motion to dismiss.

the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

Defendant maintains that this court may exercise diversity jurisdiction in this case because Plaintiff is a Maryland resident and Defendant is a citizen of California, and although the complaint does not claim damages *exceeding* $75,000, a much greater amount is actually at stake. In support of its argument regarding the amount in controversy, Defendant submits an affidavit of default and indebtedness, attesting that Plaintiff defaulted on his loan obligation on December 2, 2009, and that, as of July 1, 2011, he owed a total amount of $678,118.83. (ECF No. 21-1).[2] In moving to remand, Plaintiff argues that (1) no federal question is presented, (2) the parties are not diverse, (3) the amount in controversy does not exceed $75,000, and (4) even if the court may exercise jurisdiction, it should abstain from doing so.

Plaintiff is correct that the complaint does not present a federal question, but he fails to recognize that Defendant did not remove on the basis of federal question jurisdiction.

_____

[2] Defendant attached this document in support of a motion for leave to file a surreply addressing Plaintiff's argument, in his reply papers, that the amount in controversy does not exceed $75,000. (ECF No. 21). Plaintiff has not opposed this motion. Instead, he filed a motion for leave to file a response to the proposed surreply, presenting additional argument regarding the amount in controversy. (ECF No. 22). Both of these motions will be granted.

Rather, removal was premised solely on the basis of diversity of citizenship. (ECF No. 1 ¶¶ 4, 5). Thus, it is immaterial that the complaint does not present a federal question.

In arguing that the parties are not diverse, Plaintiff asserts that Defendant is a citizen of Maryland by virtue of the fact that it conducts business and maintains offices in this state. (ECF No. 14-1, at 6). It is undisputed, however, that Defendant is "a Federal Savings Bank with headquarters located in Pasadena, California." (ECF No. 1 ¶ 4(c)). Pursuant to 12 U.S.C. § 1464(x), "[i]n determining whether a Federal court has diversity over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." As there is no question that Defendant's home office is located in California and Plaintiff is a Maryland resident, the diversity requirement is satisfied.[3]

Plaintiff further contends that because the complaint specifies damages of exactly $75,000, the jurisdictional minimum for a federal diversity case is not met by a measure of one cent. *See, e.g., Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011) (holding federal court lacked jurisdiction by measure of one penny when amount in controversy

---

[3] Defendant's motion requesting the court to take judicial notice of documents evidencing its citizenship (ECF No. 15) will be denied as moot.

was exactly $75,000). Generally, the amount requested in the complaint determines the amount in controversy. *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 508-09 (D.Md. 2002) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3rd Cir. 1993)). When a dispute arises as to whether an amount in controversy is sufficient to confer jurisdiction and the complaint specifies an amount in damages that does not exceed $75,000, "removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if [ ]he prevailed." *Momin*, 205 F.Supp.2d at 509. Thus, the burden is on Defendant to prove to a legal certainty that at least one cent more than the damages claimed by Plaintiff is actually at stake.

Defendant has met that burden. In addition to monetary damages of $75,000, Plaintiff seeks, *inter alia*, a declaration that the promissory note and deed of trust are void. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The United States Court of Appeals for the Fourth Circuit applies the "either-viewpoint" rule in determining the value of the object of the litigation. *See Gonzalez v. Fairgale Props. Co.*, 241 F.Supp.2d 512, 517 (D.Md. 2002). Under that rule, a court must

consider "the potential pecuniary effect that a judgment would have on either party to the litigation." *Liberty Mut. Fire Ins. Co. v. Hayes*, 122 F.3d 1061, at *3 (4th Cir. 1997) (per curiam) (citing *Government Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). More specifically, the relevant inquiry is whether "the 'direct pecuniary value' of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." *Lee v. Citimortgage, Inc.*, 739 F.Supp.2d 940, 946 (E.D.Va. 2010) (quoting *Lee School Lofts, L.L.C. v. Amtax Holdings 106 LLC*, No. 3:08cv427, 2008 WL 4936479, at *3 (E.D.Va. Oct. 29, 2008)). In making a determination, a court "should consider all the evidence in the record" and "specify exactly what relief the Plaintiff seeks [in order] to understand what evidence might be relevant to its pecuniary value." *Id.* (internal marks and citations omitted). Here, Plaintiff seeks a declaratory judgment that both the deed of trust and underlying promissory note are void. It is uncontroverted that, as of July 1, 2011, Plaintiff owed a balance of $687,588.90 on the note. (ECF No. 21, Ex. 1). If the declaratory relief requested by Plaintiff were granted, Defendant would be unable to foreclose on the subject property or collect the outstanding balance on the note. Thus, Defendant has established to a legal certainty that the amount in controversy requirement is satisfied.

Because the parties are diverse and the case involves an amount in controversy in excess of $75,000, Defendant was entitled to remove to this court. Nevertheless, Plaintiff contends that the court should abstain from exercising jurisdiction and remand to state court pursuant to the doctrine set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). According to Plaintiff, "removal would result in unnecessary and impermissible federal intervention and conflict with the State of Maryland's sovereign[] right to adjudicate and administer justice." (ECF No. 14, at 1). As the Fourth Circuit explained in *Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007):

> *Burford* permits abstention when federal adjudication would unduly intrude upon complex state administrative processes because either: (1) there are difficult questions of state law . . . whose importance transcends the result in the case then at bar; or (2) federal review would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern.

(internal marks omitted). Plaintiff does not specify the manner in which this case presents difficult questions of state law or matters of substantial public concern, nor does it appear to do so. *See Skipper v. Hambleton Meadows Architectural Review Committee*, 996 F.Supp. 478, 481 (D.Md. 1998) (where a case "does not involve a state regulatory scheme of any kind, *Burford* abstention is inapplicable"); *see also Safeway, Inc. v.*

*Sugarloaf Partnership, LLC*, 423 F.Supp.2d 531, 536-37 (D.Md. 2006) (*Burford* abstention inappropriate in a case involving "the interpretation of an ordinary commercial contract – a type of legal question that is the daily bread of a federal court sitting in diversity").[4] Accordingly, the court will not abstain and Plaintiff's motion to remand will be denied.

## III. Motion to Dismiss

### A. Standard of Review

Defendant has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, the court need not accept unsupported legal allegations. *Revene v.*

---

[4] Plaintiff additionally suggests that abstention is appropriate under the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), in order to "prevent a duplicity of actions and claims." (ECF No. 14-1, at 5). This argument fails because Plaintiff has not shown that there is a parallel state court proceeding with which this court's judgment might conflict.

*Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

Generally, courts do not consider extrinsic evidence in a motion to dismiss pursuant to Rule 12(b)(6) because "the inquiry is limited to the complaint and the documents attached thereto or incorporated by reference." *Tech. Patents, LLC v. Deutsche Telekom AG*, 573 F.Supp.2d 903, 920 (D.Md. 2008).  A court may, however, consider extrinsic evidence attached to the motion to dismiss if the evidence "was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).[5]

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints

---

[5] Defendant has attached to various motion papers the deed of trust and the affidavit of default and indebtedness, evidencing the amount of the loan and the amount owed by Plaintiff as of July 1, 2011.  While Plaintiff challenges the validity of both of these documents, he does not challenge their authenticity.  Accordingly, the court may consider them.

that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 Fed.Appx. 9 (4th Cir. 2005).

## B. Analysis

### 1. Fraud

In the first count of the complaint, Plaintiff alleges that Defendant committed fraud related to its failure to make certain disclosures at the time he signed the deed of trust. (ECF No. 2 ¶¶ 13-18). In moving to dismiss this count, Defendant contends that Plaintiff has not alleged that Defendant "was a party to the origination of that loan," nor has he identified the specific disclosures that should have been made or how such nondisclosures resulted in his default. (ECF No. 12-1, at 4).[6]

---

[6] In its notice of removal, Defendant claimed to be the servicer of "a Deed of Trust in a face amount of $639,200.00, from Plaintiff to SouthStar Funding, LLC." (*Id*. at 1 n. 2). Indeed, it attached the deed of trust as an exhibit. (ECF No. 1-1). Defendant reiterates that claim in its motion to dismiss, further observing that Plaintiff's complaint appears to relate to acts or omissions occurring at the time of origination and asserting that it had "nothing to do with the origination of the loan[,] including the issuance of any disclosures." (ECF No. 12-1, at 4 n. 2). Thus, Defendant argues, it cannot be liable for the conduct alleged in Plaintiff's complaint.

A loan "servicer" is "the person [or business entity] responsible for servicing of a loan[.]" 12 U.S.C. § 2605(i)(2). "'Servicing' means receiving any scheduled periodic payments for a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. §

11

The elements of fraud in Maryland are: "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Md. Envtl. Trust v. Gaynor*, 370 Md. 89, 97, 803 A.2d 512 (2002). Absent a duty to disclose, active concealment of a material fact, "characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter," may also constitute common law fraud because concealment is analogous to intentional misrepresentation. *United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000). Where a plaintiff alleges fraud with regard to mere nondisclosure of a material fact, however, he or she must first establish that the defendant owed a duty of care to the plaintiff. *Id*. at 899 ("silence as to a material fact (nondisclosure), without an independent

2605(i)(3). As another district court explained in addressing a similar issue, "[a] 'servicer' is not generally liable for rescission or other damages." *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913, 917 (N.D.Ill. 2008).

disclosure duty, usually does not give rise to an action for fraud").

Claims of fraud, moreover, are subject to a heightened pleading standard under Fed.R.Civ.P. 9(b). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999). Rule 9(b) states that "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Such allegations must "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F.Supp.2d 298, 313-14 (D.Md. 2000) (quoting *Windsor Assocs. v. Greenfeld*, 564 F.Supp. 273, 280 (D.Md. 1983)). The purposes of Rule 9(b) are to provide the defendant with sufficient notice of the basis for the plaintiff's claim, to protect the defendant against frivolous suits, to eliminate fraud actions where all of the facts are learned only after discovery, and to safeguard the defendant's reputation. *See Harrison*, 176 F.3d at 784. In keeping with these objectives, a "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at

trial and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *Id*.

In his complaint, Plaintiff alleges that "Defendant . . . had a duty . . . to disclose all material facts and particularly the rights and obligations vis-à-vis both Defendant and Plaintiff." (ECF No. 2 ¶ 16). He further asserts that "there [were] not adequate disclosures" of "material facts such as the nature, type, payments, any acceleration clause, [and] when [ownership would] convey to the Homeowner." (*Id*. at ¶¶ 14-15). Each of these points appears to be addressed in the deed of trust, however, and Plaintiff has not identified a specific duty of Defendant to make any disclosure outside of those set forth in the loan document itself. Indeed, he does not identify the substance of what he claims should have been disclosed, nor does he allege that Defendant failed to disclose with the intent to deceive. *See Colton*, 231 F.3d at 899 ("suppression of the truth with the intent to deceive" constitutes fraud). Accordingly, Plaintiff's fraud claim cannot be sustained, particularly under the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

**2. Undue Influence**

Plaintiff asserts in his complaint that he was "unduly influenced by Defendant's status and position," and that he did not understand what was required of him under the loan, which

was furnished "on a 'take-it-or-leave-it' basis," with "no room for negotiation." (ECF No. 2 ¶¶ 20-22). He further claims that Defendant "employed and applied subtle pressure and coerced [him] to sign it." (*Id*. at ¶ 23). Defendant argues that this count must be dismissed because Plaintiff does not identify "the contract, much less the relationships, that existed between himself and OneWest," nor does he explain the manner in which Defendant allegedly exerted influence over him. (ECF No. 12-1, at 5).

In general, "[w]here one party is under the domination of another, or by virtue of the relation between them is justified in assuming that the other party will not act in a manner inconsistent with his welfare, a transaction induced by unfair persuasion of the latter, is induced by undue influence and is voidable." *Owings v. Currier*, 186 Md. 590, 596 (1946) (quoting Restatement (First) of Contracts § 497 (1932)).

Plaintiff's claim in this regard consists of nothing more than conclusory allegations that he was unduly influenced by Defendant. He has provided no detail as to the manner in which Defendant allegedly "applied subtle pressure" or otherwise "coerced" his signature on the deed of trust, nor has he explained how the presentation of the terms of the loan, without "room for negotiation" and on a "take-it-or-leave-it" basis, could amount to undue influence. Indeed, the crux of his claim

in this regard appears to be that he did not fully understand
what was required of him under the deed of trust prior to the
time he signed the document.  In Maryland, however, the "general
rule" is that "when one signs [an] . . . instrument, he is
presumed in law to have read and understood its contents, and he
will not be protected against an unwise agreement." *Vincent v.
Palmer*, 179 Md. 365, 375 (1941); *see also Merit Music Service,
Inc. v. Sonneborn*, 245 Md. 213, 221-22 (1967) ("the law presumes
that a person knows the contents of a document that he executes
and understands at least the literal meaning of its terms").
Absent any specific allegation that Defendant facilitated
Plaintiff's lack of understanding and nevertheless pressured him
to sign the loan document, Plaintiff cannot prevail on a claim
for undue influence.

### 3. Breach of Fiduciary Duty

The third count of the complaint, alleging breach of
fiduciary duty, must also be dismissed.  "[A]lthough the breach
of a fiduciary duty may give rise to one or more causes of
action, in tort or in contract, Maryland does not recognize a
separate tort action for breach of fiduciary duty." *Int'l Bhd.
of Teamsters v. Willis Corroon Corp. of Md.*, 369 Md. 724, 727
n.1 (2002) (citing *Kann v. Kann*, 344 Md. 689, 713 (1997)).
Here, the substance of Plaintiff's breach of fiduciary duty
claim is indistinguishable from his claims of fraud and undue

influence, *i.e.*, that Defendant breached an unspecified duty "by failing to disclose all material facts . . . [which were] mandated by the contract and law and by the position the Defendant occupied." (ECF No. 2 ¶ 27). Accordingly, this claim cannot be sustained.

### 4. Quiet Title

Count four of Plaintiff's complaint seeks an order quieting title to the subject property. Defendant argues that this claim must be dismissed because Plaintiff has provided "no factual allegations to support any underlying dispute regarding the property." (ECF No. 12-1 at 6).

Pursuant to Md. Code Ann., Real Prop. § 14-108:

> Any person in actual peaceable possession of property . . . either under color of title or claim of right by reason of his or his predecessor's adverse possession for the statutory period, when his title to the property is denied or disputed, or when any other person claims, of record or otherwise to own the property, or any part of it, or to hold any lien encumbrance on it, regardless of whether or not the hostile outstanding claim is being actively asserted, and if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim, the person may maintain a suit in equity in the county where the property lies to quiet or remove any cloud from the title, or determine any adverse claim.

The purpose of an action to quiet title is to "protect the owner of legal title 'from being disturbed in his possession and from

being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions.'" *Wathen v. Brown*, 48 Md.App. 655, 658 (1981) (quoting *Textor v. Shipley*, 77 Md. 473, 475 (1893)). "To state a successful quiet title action, the plaintiff must show his claim to title and allege an invalid or defective adverse interest." *Koehler v. Wells Fargo Bank*, Civil No. WDQ-10-1903, 2011 WL 691583, at *4 (D.Md. Feb. 18, 2011).

Plaintiff has not alleged that Defendant has claimed an invalid or adverse interest in the property. He asserts that he "is the owner of the property" and that Defendant "has failed and refused to acknowledge [his] ownership." (ECF No. 2 ¶¶ 30, 35). He does not explain, however, the manner in which Defendant's alleged refusal in this regard constitutes a challenge to his ownership, nor does he allege that Defendant has otherwise asserted a competing claim of ownership or that it holds a lien against the property. Moreover, Plaintiff acknowledges that he signed the deed of trust, received the loan, and subsequently defaulted on his mortgage, and he has not shown a right of rescission. *See Koehler*, 2011 WL 691583, at *4 ("When, as here, the plaintiff admits he received and defaulted on a mortgage from the defendant, and conveyed the deed of trust, the quiet title action should be dismissed if the plaintiff has not shown a right to rescission of the

mortgage.")*; see also Hood v. Aurora Loan Servs.*, Civil No. CCB-10-11, 2010 WL 2696755, at *5 (D.Md. July 6, 2010) (dismissing quiet title action where the plaintiffs "admit that they received a mortgage from [Defendant] and conveyed the deed of trust, and they have shown no right to rescission"). Accordingly, Plaintiff's quiet title action will be dismissed.

### 5.  Declaratory Relief

Count five of Plaintiff's complaint seeks a declaration that Defendant, "at the time of the recordation of the Notice of Default and subsequent Notice of Intent to Foreclose, had no existing contractual or statutory right or interest in the property to record such instruments and that their position and status be judicially declared and the Foreclosure also be judicially declared invalid."  (ECF No. 2 ¶ 42).  In addition, Plaintiff asks the court to declare that both the promissory note deed of trust are void.  In moving to dismiss, Defendant argues that Plaintiff has provided "absolutely no specific factual grounds regarding the date of these documents and who was a party to these documents."  (ECF No. 12-1 at 7). Defendant also maintains that Plaintiff's claim "is not ripe, because a foreclosure proceeding has not been filed at any time relevant to this matter."  (*Id.* at 8).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of

the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Fourth Circuit has explained:

> [I]t is elementary that a federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for the jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*Volvo Const. Equipment North America, Inc. v. CLM Equipment Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citing 28 U.S.C. § 2201; *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994)).

A case meets the actual controversy requirement only if it presents a controversy that qualifies as an actual controversy under Article III of the Constitution. *Id.* at 592-93 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). A claim is not ripe for adjudication, however, if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. *Texas v. United States*, 523 U.S. 296, 300 (1998).

In this case, Plaintiff has not shown that an actual controversy exists because he has not identified the

relationship of the parties with respect to the relevant loan documents and notices. Absent any allegation that Defendant was, in fact, a party to the deed of trust or a successor in interest, he has failed to state a claim for declaratory relief. Moreover, insofar as Plaintiff seeks a declaration that any foreclosure is invalid, he has failed to allege that such a proceeding has commenced. In this regard, his claim for declaratory relief is also not ripe.

### 6. Injunctive Relief

Finally, Plaintiff seeks a preliminary injunction enjoining any foreclosure proceeding. "A preliminary injunction is an extraordinary remedy." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds by* 130 S.Ct. 2371 (2010) *and reissued in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010). To obtain a preliminary injunction, a plaintiff must establish four elements: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 364 (quoting *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008)). Plaintiff must make a clear showing of each of the four elements to obtain relief. *Id*.

As Plaintiff has not even attempted a showing as to any of these four requirements, his claim for injunctive relief will be dismissed.

Because Plaintiff has failed to assert any claim that, if proven, would entitle him to relief, Defendant's motion to dismiss will be granted. The court will dismiss Plaintiff's complaint without prejudice, however, so that he may file an amended complaint alleging facts consistent with the standards outlined herein, if he so chooses.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be denied and Defendant's motion to dismiss will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge