IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALDWIN VOID                           :

                                                :

   v.                                  :   Civil Action No. DKC 11-0838

                                                :

ONE WEST BANK                          :

**MEMORANDUM OPINION AND ORDER**

After removing this action from state court on the basis of diversity of citizenship, Defendant One West Bank filed a motion to dismiss or for more definite statement. Plaintiff Baldwin Void, proceeding *pro se*, was advised by the clerk of his right to file a response within seventeen days to this potentially dispositive motion. Plaintiff did not respond to Defendant's motion; instead, he moved to remand, asserting that the court was without subject matter jurisdiction because (1) no federal question was presented, (2) the parties are not diverse, and (3) the amount in controversy requirement was not met.

By a memorandum opinion and order issued July 27, 2011, the court denied Plaintiff's motion to remand and granted Defendant's motion to dismiss without prejudice to Plaintiff's right to file an amended complaint within 21 days. (ECF Nos. 23, 24). In addressing Plaintiff's motion, the court explained that Defendant did not remove on the basis of federal question

jurisdiction and that the requirements for jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) were met:

> It is undisputed . . . that Defendant is "a Federal Savings Bank with headquarters located in Pasadena, California." (ECF No. 1 ¶ 4(c)). Pursuant to 12 U.S.C. § 1464(x), "[i]n determining whether a Federal court has diversity over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." As there is no question that Defendant's home office is in California and Plaintiff is a Maryland resident, the diversity requirement is satisfied.
>
> . . .
>
> . . . In addition to monetary damages of $75,000, Plaintiff seeks, *inter alia*, a declaration that the promissory note and deed of trust are void. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The United States Court of Appeals for the Fourth Circuit applies the "either-viewpoint" rule in determining the value of the object of the litigation. *See Gonzalez v. Fairgale Props. Co.*, 241 F.Supp.2d 512, 517 (D.Md. 2002). . . . [T]he relevant inquiry is whether "the 'direct pecuniary value' of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." *Lee v. Citimortgage, Inc.*, 739 F.Supp.2d 940, 946 (E.D.Va. 2010)[.] . . . Here, Plaintiff seeks a declaratory judgment that both the deed of trust and underlying promissory note are void. It is uncontroverted that, as of July 1, 2011, Plaintiff owed a balance of

> $687,588.90 on the note. (ECF No. 21, Ex. 1). If the declaratory relief requested by Plaintiff were granted, Defendant would be unable to foreclose on the subject property or collect the outstanding balance on the note. Thus, Defendant has established to a legal certainty that the amount in controversy requirement is satisfied.

(ECF No. 23, at 5, 6-7).

When Plaintiff failed to file an amended complaint within twenty-one days, the case was closed. On September 16, 2011, he filed the pending motion for reconsideration of the denial of his motion to remand. (ECF No. 26).

Under Federal Rule of Civil Procedure 60(b), a party may obtain relief from a judgment or final order based upon:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud[,] . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999).

3

Plaintiff's motion for reconsideration is not based on any of the grounds for reconsideration listed in Rule 60(b). Rather, he merely rehashes the same arguments considered and rejected by the court in deciding his original motion. A motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Sanders v. Prince George's Public School System*, No. RWT 08cv501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011) (internal marks and citations omitted). Because Plaintiff has not identified any ground for relief under Rule 60(b), his motion must fail.

Accordingly, it is this 12th day of January, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff Baldwin Void (ECF No. 26) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Plaintiff and to counsel for Defendant One West Bank.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge